---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the District of Delaware

Case number (*if known*): _____ Chapter 11

☐  Check if this is an
amended filing

---

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | |
|---|---|
| 1. **Debtor's name** | 24 New York LLC |

| | |
|---|---|
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | See Schedule 1 |

| | |
|---|---|
| 3. **Debtor's federal Employer Identification Number** (EIN) | 47-2487033 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 12647    Alcosta Blvd., Suite 500<br>Number    Street | Number           Street |
| | P.O. Box |
| San Ramon    California    94583<br>City     State     ZIP Code | City     State     ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Contra Costa<br>County | Number      Street |
| | City     State     ZIP Code |

| | |
|---|---|
| 5. **Debtor's website** (URL) | https://www.24hourfitness.com/ |

| | |
|---|---|
| 6. **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other.  Specify: _____ |

---

WEIL:\97492076\6\78028.0003

| Debtor | 24 New York LLC | Case number (if known) 20-_____ (  ) |
|--------|-----------------|----------------------------------------|
| | Name | |

**7.   Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax- exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

7139 - Other Amusement and Recreation Industries

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1).  Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.**  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of  creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the  Securities and Exchange Commission according to § 13 or 15(d) of the Securities  Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than  2 cases, attach a separate list.

☒ No

☐ Yes    District _____    When _____    Case number _____
                                                    MM/ DD/ YYYY

         District _____    When _____    Case number _____
                                                    MM / DD / YYYY

WEIL:\97492076\6\78028.0003

| Debtor | 24 New York LLC | | Case number (if known) | 20-_____ ( ) |
|---|---|---|---|---|
| | Name | | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes

| Debtor | See Schedule 2 | Relationship | See Schedule 2 |
|---|---|---|---|
| District | Delaware | When | 06 / 15 / 2020 |
| Case number, if known | | | MM / DD / YYYY |

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| Number | Street |
|---|---|
| City | State    ZIP Code |

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact Name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

(on a consolidated basis with all affiliated debtors)

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☒ More than 100,000

Debtor    24 New York LLC
_____    Case number (if known)   20-____  ( )  _____
          Name

| 15. Estimated assets | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| (on a consolidated basis | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| with all affiliated debtors) | ☐ $100,000-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| (on a consolidated basis | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| with all affiliated debtors) | ☐ $100,000-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    06 / 15 / 2020
               MM / DD / YYYY

x _____    Daniel Hugo
   Signature of authorized representative of     _____
   debtor                                        Printed name

   Chief Restructuring Officer
   _____
   Title

**18. Signature of attorney**

x _____    Date    06 / 15 / 2020
   Signature of attorney for debtor                    MM / DD / YYYY

   Laura Davis Jones                            Ray C. Schrock, P.C.
   _____     _____
   Printed Name

   Pachulski Stang Ziehl & Jones LLP            Weil, Gotshal & Manges LLP
   _____     _____
   Firm Name

   919 North Market Street, 17th Floor          767 Fifth Avenue
   _____     _____
   Address

   Wilmington, Delaware 19801                   New York, New York 10153
   _____     _____
   City/State/Zip

   (302) 652-4100                               (212) 310-8000
   _____     _____
   Contact Phone

   ljones@pszjlaw.com                           ray.schrock@weil.com
   _____     _____
   Email Address

   2436              Delaware
   _____
   Bar Number        State

## Schedule 1

### All other names used by the Debtor in the last 8 years

| Registrant | DBA Name |
|---|---|
| 24 Hour Fitness Holdings LLC | 24 Hour Fitness |
| 24 Hour Fitness USA, Inc. | 24 Hour Fitness |
| RS Fit Holdings LLC | BFit |
| RS Fit Holdings LLC | BFit Gyms |
| RS Fit Holdings LLC | 24 Hour Fitness |
| 24 Hour Fitness USA, Inc. | 24 HOUR FITNESS |
| Two 4 One, LLC | 24 Hour Fitness: Shaq Clubs |
| Two 4 One, LLC | 24 Hour Fitness |
| 24 Hour Fitness USA, Inc. | Re:Fresh, A Day Spa |
| 24 Hour Fitness USA, Inc. | 24 Hour Fitness Centers |
| 24 Hour Fitness USA, Inc. | Apex Fitness |

**Schedule 2**

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

        On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").  A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of **24 Hour Fitness Worldwide, Inc.**

| COMPANY | CASE NUMBER | DATE FILED | DISTRICT |
|---|---|---|---|
| 24 Hour Fitness Worldwide, Inc. | 20-_____( ) | June 15, 2020 | Delaware |
| 24 Hour Holdings II LLC | 20-_____( ) | June 15, 2020 | Delaware |
| 24 Hour Fitness United States, Inc. | 20-_____( ) | June 15, 2020 | Delaware |
| 24 Hour Fitness USA, Inc. | 20-_____( ) | June 15, 2020 | Delaware |
| 24 Hour Fitness Holdings LLC | 20-_____( ) | June 15, 2020 | Delaware |
| 24 San Francisco LLC | 20-_____( ) | June 15, 2020 | Delaware |
| 24 New York LLC | 20-_____( ) | June 15, 2020 | Delaware |
| 24 Denver LLC | 20-_____( ) | June 15, 2020 | Delaware |
| RS FIT Holdings LLC | 20-_____( ) | June 15, 2020 | Delaware |
| RS FIT CA LLC | 20-_____( ) | June 15, 2020 | Delaware |
| RS FIT NW LLC | 20-_____( ) | June 15, 2020 | Delaware |

## JOINT RESPONSIBLE OFFICER'S CERTIFICATE
## OF THE COMPANIES SPECIFIED BELOW

June 15, 2020

I, Daniel Hugo, being a duly elected and authorized officer of each of the entities listed below (each a "**Company**" and, collectively, the "**Companies**"),

| Company | Jurisdiction |
|---------|--------------|
| 24 Hour Holdings II LLC | Delaware |
| 24 Hour Fitness Worldwide, Inc. | Delaware |
| 24 Hour Fitness United States, Inc. | Delaware |
| 24 Hour Fitness USA, Inc. | California |
| 24 Hour Fitness Holdings LLC | Delaware |
| 24 San Francisco LLC | Delaware |
| 24 New York LLC | Delaware |
| 24 Denver LLC | Delaware |
| RS FIT Holdings LLC | Delaware |
| RS FIT CA LLC | Delaware |
| RS FIT NW LLC | Delaware |

hereby certify, solely on behalf of the Companies and not in any individual capacity, as follows:

A. I am a duly qualified and elected officer of each of the Companies and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Companies;

B. Attached hereto as <u>Exhibit A</u> is a true, correct, and complete copy of the resolutions of the board of directors, board of managers, or sole member, as applicable, of each Company, duly adopted and approved on the date hereof, in accordance with the bylaws or operating agreement, as applicable, of each Company and the Delaware General Corporation Law, the Delaware Limited Liability Company Act, or the California General Corporation Law, as applicable; and

C. Such resolutions have not been amended, altered, annulled, rescinded, modified, or revoked since their adoption and remain in full force and effect as of the date hereof. There exist no subsequent resolutions relating to the matter set forth in the resolutions attached hereto.

*[The remainder of the page is left intentionally blank]*

      **IN WITNESS WHEREOF**, the undersigned has executed this certificate as of the date first written above.

By: _(signature)_
Name:  Daniel Hugo
Title:   Chief Restructuring Officer

# EXHIBIT A
## Joint Resolutions

[*See Attached*]

*Execution Version*

# OMNIBUS WRITTEN CONSENT OF
# THE APPROVING PARTY
## OF
# EACH COMPANY LISTED BELOW

**June 15, 2020**

The undersigned, being (i) each member of (x) the special committee of the board of managers, (y) the board of directors, or (z) the board of managers, as applicable, or (ii) the sole member (in each case, an "**Approving Party**" and, collectively, the "**Approving Parties**") of

|       |                                                                                                   |
|-------|---------------------------------------------------------------------------------------------------|
| (i)   | 24 Hour Holdings II LLC, a Delaware limited liability company ("**Holdings**"),                    |
| (ii)  | 24 Hour Fitness Worldwide, Inc., a Delaware corporation ("**24 Hour Fitness Worldwide**"),         |
| (iii) | 24 Hour Fitness United States, Inc., a Delaware corporation,                                       |
| (iv)  | 24 Hour Fitness USA, Inc., a California corporation,                                               |
| (v)   | 24 Hour Fitness Holdings LLC, a Delaware limited liability company,                                |
| (vi)  | 24 San Francisco LLC, a Delaware limited liability company,                                        |
| (vii) | 24 New York LLC, a Delaware limited liability company,                                             |
| (viii)| 24 Denver LLC, a Delaware limited liability company,                                               |
| (ix)  | RS FIT Holdings LLC, a Delaware limited liability company,                                         |
| (x)   | RS FIT CA LLC, a Delaware limited liability company, and                                           |
| (xi)  | RS FIT NW LLC, a Delaware limited liability company,                                               |

(each such entity, a "**Company**" and together, collectively, the "**Companies**" and each Company other than Holdings, a "**Debtor Subsidiary**"), do hereby consent to, adopt and approve, ratify and confirm by unanimous written consent, in each case pursuant to and in accordance with (a) the provisions of such Company's (i) articles of incorporation or certificate of formation, as applicable, and (ii) bylaws or limited liability company agreement, as applicable, (b) solely in the case of Holdings, the Resolutions of the Board of Managers of Holdings, adopted on April 30, 2020, delegating authority to the special committee, and (c) the Limited Liability Company Act of the State of Delaware, the General Corporation Law of the State of Delaware, or the California Corporations Code, as applicable, the following resolutions and authorize the taking of all actions contemplated hereby:

**WHEREAS**, the Approving Party of each Company has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of such Company regarding the liabilities and liquidity of such Company and its subsidiaries, the strategic alternatives available to it and the impact of the foregoing on such Company's businesses;

**WHEREAS**, the Approving Party of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company to fully consider, and has considered, the strategic alternatives available to such Company;

**WHEREAS** the Approving Party of each Company has determined, after consultation with the management and the legal and financial advisors of such Company, that it is desirable and in the best interests of such Company, its shareholders, creditors, and other parties in interest, as

applicable, that petitions be filed with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") by such Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

　　　　　**WHEREAS**, in the case of each Company (each, a "**Controlling Company**") that owns a controlling equity interest in any other Company (each, a "**Controlled Subsidiary**" and, collectively, the "**Controlled Subsidiaries**"), the Approving Party of such Controlling Company has determined, after consultation with the management and the legal and financial advisors of such Controlling Company, that, in connection with the Chapter 11 Cases (as defined herein), it is desirable and in the best interests of such Controlling Company for certain of its Controlled Subsidiaries (i) to file a petition seeking relief under the provisions of the Bankruptcy Code (collectively, the "**Subsidiary Chapter 11 Cases**") and (ii) to negotiate, execute, deliver, and file with the Bankruptcy Court all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders and other documents (the "**Subsidiary Chapter 11 Filings**") in the Bankruptcy Court;

　　　　　**WHEREAS**, the Approving Party of each Company has reviewed the terms of that certain Consulting Agreement, dated on or around the date hereof, providing for the appointment of Daniel Hugo as Chief Restructuring Officer of each Company, and deems the appointment of Daniel Hugo as Chief Restructuring Officer of each Company, to be in the best interests of such Company; and

　　　　　**WHEREAS**, the Approving Parties of the Companies desire to approve each of the resolutions set forth herein.

　　　1.　　**Commencement of Chapter 11 Cases**.

　　　　　**NOW, THEREFORE, BE IT RESOLVED**, that the filing of petitions with the Bankruptcy Court by each such Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code, be, and hereby are, adopted, approved and authorized in all respects by the Approving Party of such Company; and be it further

　　　　　**RESOLVED**, that any officer, including, without limitation, the Chief Executive Officer, President, Secretary or Chief Restructuring Officer, of such Company (each, an "**Authorized Person**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, and file with the Bankruptcy Court, in the name and on behalf of such Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders and other documents (collectively, the "**Chapter 11 Filings**") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it further

　　　　　**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with the Company's chapter 11 cases (the "**Chapter 11 Cases**") or the Chapter 11 Filings, including, without limitation, (i) the payment of

fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Cases with a view to the successful prosecution of the Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

2. **Commencement of Chapter 11 Cases of Subsidiaries**.

**RESOLVED**, that the filing of the Subsidiary Chapter 11 Cases and the Subsidiary Chapter 11 Filings by the applicable Controlled Subsidiaries in the Bankruptcy Court be, and hereby are, adopted, approved and authorized in all respects by the Approving Party of such Controlling Companies; and be it further

**RESOLVED**, that each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of each Company, in its capacity as a member, shareholder or partner, as the case may be, of each Controlled Subsidiary, to consent to, authorize and/or approve any such Subsidiary Chapter 11 Cases and/or the Subsidiary Chapter 11 Filings which such Authorized Person deems necessary, appropriate, or desirable in connection with the Subsidiary Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

**RESOLVED**, that each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to take and perform any and all actions, including the negotiation, execution, delivery, and filing of all documents, agreements, resolutions, motions and pleadings as are necessary, appropriate, or advisable to enable each such Subsidiary to carry out its Subsidiary Chapter 11 Cases and the Subsidiary Chapter 11 Filings (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery thereof by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it further

3. **Debtor-in-Possession Financing**.

**RESOLVED**, that (i) the resolutions attached hereto as Exhibit I be, and hereby are, adopted, approved and authorized in all respects by the Approving Party of 24 Hour Fitness Worldwide, Inc., a Delaware corporation, as the Borrower under the DIP Credit Agreement (as defined in Exhibit I hereto), and (ii) the resolutions attached hereto as Exhibit II be, and hereby are, adopted, approved and authorized in all respects by the Approving Party of each Debtor Subsidiary, as a Guarantor under the DIP Credit Agreement (as defined in Exhibit I hereto); and be it further

**RESOLVED**, that all capital terms used in the resolutions attached hereto as Exhibit I and Exhibit II and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreement (as defined in Exhibit I hereto), as applicable; and be it further

4. **Appointment of Chief Restructuring Officer**.

**RESOLVED**, that Daniel Hugo be, and hereby is, appointed to serve as Chief Restructuring Officer of each Company until his resignation or removal, and that any appointment,

removal, replacement and/or acceptance of resignation, as applicable, required to effect such appointment, is hereby adopted, approved, ratified and confirmed in all respects; and be it further

5.    **Retention of Advisors**.

        **RESOLVED**, that, in connection with the Chapter 11 Cases, any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, on behalf of the applicable Company and its Subsidiaries, that such Authorized Person deems necessary, appropriate or advisable in connection with, or in furtherance of, the Chapter 11 Cases, with a view to the successful prosecution of the Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

        **RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, be, and hereby is, retained as counsel for the Companies in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

        **RESOLVED**, that the law firm of Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, be, and hereby is, retained as local counsel for the Companies in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

        **RESOLVED**, that the firm of FTI Consulting, Inc., located at 227 West Monroe Street, Suite 900, Chicago, Illinois 60606, be, and hereby is, retained as financial advisor for the Companies in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

        **RESOLVED**, that the firm of Lazard Frères & Co. LLC, located at 300 North LaSalle Street, Chicago, Illinois 60654, be, and hereby is, retained as investment banker for the Companies in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

        **RESOLVED**, that the firm of Prime Clerk LLC, located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, be, and hereby is, retained as claims, noticing and solicitation agent and administrative advisor for the Companies in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

        **RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the applicable Company, to take and perform any and all further acts and deeds, including, without limitation, (i) the payment of any consideration, (ii) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (iii) negotiating, executing, delivering, performing, and filing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by the foregoing resolutions (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

6.    **General Authorization**.

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the applicable Company, to take and perform any and all further acts or deeds, including, but not limited to, (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates not now known but which may be required, (ii) the execution, delivery and filing (if applicable) of any of the foregoing, and (iii) the payment of all fees, consent payments, taxes and other expenses as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to meet such standard; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Person or any director, manager or member, as applicable, of any Company in the name and on behalf of such Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects; and be it further

**RESOLVED**, that this written consent may be signed and delivered in one or more counterparts and by facsimile or PDF electronic transmission, each of which will be deemed to be an original and all of which together will be deemed to be one and the same instrument.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the undersigned being all the members of the special committee of the board of managers of 24 Hour Holdings II LLC have executed this written consent as of the date first written above.

_____
Marc Beilinson


_____
Stephen Hare


_____
Roland Smith

IN WITNESS WHEREOF, the undersigned being all the members of the special committee of the board of managers of 24 Hour Holdings II LLC have executed this written consent as of the date first written above.

_____
Marc Beilinson

_____
Stephen Hare

_____
Roland Smith

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

IN WITNESS WHEREOF, the undersigned being all the members of the special committee of the board of managers of 24 Hour Holdings II LLC have executed this written consent as of the date first written above.

_____

Marc Beilinson

_____

Stephen Hare

_____

Roland Smith

IN WITNESS WHEREOF, the undersigned being all the members of the board of directors of 24 Hour Fitness Worldwide, Inc. have executed this written consent as of the date first written above.

_____
Anthony Ueber

_____
Chris Nelson

IN WITNESS WHEREOF, the undersigned being all the members of the board of directors of 24 Hour Fitness United States, Inc. have executed this written consent as of the date first written above.

Anthony Ueber

Chris Nelson

IN WITNESS WHEREOF, the undersigned being all the members of the board of directors of 24 Hour Fitness USA, Inc. have executed this written consent as of the date first written above.

_____
Anthony Ueber

_____
Chris Nelson

IN WITNESS WHEREOF, the undersigned being the sole member of 24 Hour Fitness Holdings LLC has executed this written consent as of the date first written above.

**24 HOUR FITNESS USA, INC.**

By: _____
Anthony Ueber (Jun 12, 2020 11:20 CDT)

    Name: Anthony Ueber
    Title:   Chief Executive Officer

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

IN WITNESS WHEREOF, the undersigned being the sole member of 24 San Francisco LLC has executed this written consent as of the date first written above.

**24 HOUR FITNESS HOLDINGS LLC**

By: _____
Anthony Ueber (Jun 12, 2020 11:20 CDT)

     Name: Anthony Ueber
     Title:   Chief Executive Officer

IN WITNESS WHEREOF, the undersigned being the sole member of 24 New York LLC has executed this written consent as of the date first written above.

**24 HOUR FITNESS HOLDINGS LLC**

By: _____
Anthony Ueber (Jun 12, 2020 11:20 CDT)
     Name: Anthony Ueber
     Title:   Chief Executive Officer

IN WITNESS WHEREOF, the undersigned being the sole member of 24 Denver LLC has executed this written consent as of the date first written above.

**24 HOUR FITNESS HOLDINGS LLC**

By: _____
Anthony Ueber (Jun 12, 2020 11:20 CDT)

      Name: Anthony Ueber
      Title:   Chief Executive Officer

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

IN WITNESS WHEREOF, the undersigned being the sole member of RS FIT Holdings LLC has executed this written consent as of the date first written above.

**24 HOUR FITNESS USA, INC.**

By: _____
Anthony Ueber (Jun 12, 2020 11:20 CDT)
    Name: Anthony Ueber
    Title:   Chief Executive Officer

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

IN WITNESS WHEREOF, the undersigned being the sole member of RS FIT CA LLC has executed this written consent as of the date first written above.

**RS FIT HOLDINGS LLC**

By: Anthony Ueber (Jun 12, 2020 11:20 CDT)

Name: Anthony Ueber
Title:  Chief Executive Officer

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

IN WITNESS WHEREOF, the undersigned being the sole member of RS FIT NW LLC has executed this written consent as of the date first written above.

**RS FIT HOLDINGS LLC**

By: _____
Anthony Ueber (Jun 12, 2020 11:20 CDT)

     Name: Anthony Ueber
     Title:   Chief Executive Officer

Exhibit I
to
Omnibus Written Consent

DIP Borrower Resolutions

*[See attached]*

## DIP BORROWER RESOLUTIONS

June 15, 2020

WHEREAS, 24 Hour Fitness Worldwide, Inc., a Delaware corporation (the "DIP Borrower") desires to enter into , deliver and perform its obligations under that certain Superpriority Senior Secured Debtor-In-Possession Credit Agreement, dated on or around the date hereof (as may be amended, restated, amended and restated, supplemented and/or otherwise modified from time to time, the "DIP Credit Agreement"), by and among the DIP Borrower, as borrower, 24 Hour Holdings II LLC, a Delaware limited liability company ("Holdings"), the subsidiaries of the Borrower party thereto as guarantors (the "DIP Guarantors" and together with the DIP Borrower and Holdings, each individually a "Company" and collectively the "Companies"), each lender from time to time party thereto (the "DIP Lenders"), and Wilmington Trust, N.A., as administrative agent and collateral agent for the DIP Lenders (the "DIP Agent"), pursuant to which a senior secured term loan facility denominated in Dollars will be made available to the DIP Borrower on the terms and conditions set forth in the DIP Credit Agreement;

WHEREAS, severally pursuant to (i) the entry by the applicable bankruptcy court of the Interim Order (and subsequently confirmed by the Final Order), (ii) the DIP Credit Agreement and (iii) the other Collateral Documents (as defined in the DIP Credit Agreement), the Companies shall grant the DIP Agent for the benefit of the DIP Lenders a legal, valid, continuing and enforceable security interest in the Collateral (with the priority fully described therein), (such grant the "Security Grant").

NOW, THEREFORE, be it:

DIP Credit Agreement    **RESOLVED**, that the DIP Borrower is hereby authorized to execute and deliver, and to borrow Loans under, the DIP Credit Agreement, Collateral Documents, and the Additional DIP Documents (as defined below) to which the DIP Borrower is a party or signatory and the performance of its obligations thereunder and transactions contemplated thereby thereunder and under the Interim Order and the Final Order, including, without limitation, the incurrence of debt, the granting of security interests (including without limitation, the Security Grant), the granting of pledges, and the making of guarantees thereunder and such other actions, and omissions to take actions, as are necessary, appropriate or desirable in connection with the foregoing, and that any officer (including, without limitation, any chief executive officer, chief financial officer, treasurer, assistant treasurer, president, vice president secretary and assistant secretary) of the DIP Borrower (each, an "Authorized Officer"), be, and each of them hereby is, individually authorized, empowered and directed, in the name and on behalf of the DIP Borrower, to execute and deliver the DIP Credit Agreement, the Collateral Documents, and the Additional DIP Documents to which the DIP Borrower is a party or signatory and the performance of its obligations thereunder and under the Interim Order and the Final Order, including, without limitation, the incurrence of debt, the granting of security interests (including, without limitation, the Security Grant) and the making of guarantees thereunder  and such other actions, and omissions to take actions, as are necessary, appropriate or desirable in connection with the foregoing, with such modifications thereto as such Authorized Officer executing the same shall approve, his or her execution thereof being deemed conclusive evidence of such approval; and be it further

**RESOLVED**, that any Authorized Officer of the DIP Borrower be, and each of them hereby is, individually authorized, empowered and directed, in the name and on behalf of the DIP Borrower, to execute and deliver, attest to such execution and delivery of, in the name of and on behalf of the DIP Borrower, all such other agreements, all such other agreements (including, without limitation, any security agreements, guaranty agreements, mortgages, and control agreements), certificates, instruments and other writings (the "Additional DIP Documents"), and to take all such other actions, as such Authorized Officer may deem necessary or appropriate in connection with the transactions contemplated by these resolutions; and be it further

**RESOLVED**, the DIP Borrower will obtain benefits from the DIP Credit Agreement and the Collateral Documents and it is in the best interest of the DIP Borrower to enter into the DIP Credit Agreement and the Collateral Documents and be bound by the Interim Order and the Final Order; and be it further

**RESOLVED**, that the DIP Borrower hereby authorizes, adopts and approves, in all respects the form, terms and provisions of the DIP Credit Agreement, the Collateral Documents, the Interim Order, the Final Order and any other Additional DIP Guarantor Documents substantially in the form to be executed and delivered on or around the date hereof; and be it further

DIP Borrower
Documents

**RESOLVED**, that the DIP Borrower is authorized to update the DIP Credit Agreement, the Collateral Documents, and any Additional DIP Documents and the transactions contemplated thereby and is authorized to enter into any Additional DIP Documents to which the DIP Borrower is or is contemplated to be a party and any other agreements, documents, certificates or filings that any Authorized Officer of the DIP Borrower determines are necessary, appropriate or desirable in connection with the DIP Credit Agreement, the Collateral Documents, the Interim Order, the Final Order and any other Additional DIP Documents to which the DIP Borrower is or is contemplated to be a party, as security for the Obligations (as defined in the DIP Credit Agreement) or any portion of them and as otherwise provided in the DIP Credit Agreement, the Collateral Documents, or the Additional DIP Documents; and be it further

**RESOLVED**, that any Authorized Officer of the DIP Borrower be, and each of them hereby is, individually authorized, empowered and directed, in the name and on behalf of the DIP Borrower, to execute and deliver such additional assignments, stock powers, powers of attorney, notices, lien perfection documents, consents to assignment, subordination agreements, interest rate protection and other hedging agreements, letters of credit and master letter of credit agreements, cash management agreements, assignments, collateral assignments, fee letters and other customary loan documents, third party collateral access agreements, bailee letters, deposit account control agreements, securities account control agreements, insurance certificates, UCC financing statements, mortgages, deeds of trust, warehouse notifications, collateral assignments, and other customary secured loan documents and other agreements, certificates, instruments and other writings as the DIP Agent may

request or as may be necessary or appropriate in the sole judgment of such Authorized Officer to create, preserve and perfect the security interests and other liens required or contemplated pursuant to, or otherwise to give effect to any of the transactions contemplated by, any of the Additional DIP Documents; and be it further

**RESOLVED**, that any Authorized Officer of the DIP Borrower be, and each of them hereby is, individually authorized, empowered and directed, in the name and on behalf of the DIP Borrower, to execute and deliver all such other agreements, certificates, instruments and other writings, and to take all such other actions, as any such Authorized Officer may deem necessary or appropriate in connection with the transactions contemplated by these resolutions; and be it further

Ratification        **RESOLVED**, that all actions, proceedings, elections, appointments, approvals, assignments, grants, transfers, agreements, acts, declarations, instruments, documents, executions and transactions, whether done, taken, executed or acted upon, or purported to be done, taken, executed or acted upon prior to the date hereof, by or on behalf of the DIP Borrower in connection with the DIP Credit Agreement, the Collateral Documents, or any of the Additional DIP Documents, be, and the same hereby are, approved, adopted, ratified and confirmed in all respects; and be it further

General Authority        **RESOLVED**, that any Authorized Officer of the DIP Borrower be, and each of them hereby is, individually authorized, empowered and directed, in the name and on behalf of the DIP Borrower, to take such additional actions, to perform all acts and deeds, and to execute, ratify, certify, deliver, file and record such additional agreements, certificates, instruments and other writings as any of them may deem necessary or appropriate to implement the provisions of the foregoing resolutions (including, without limitation, amendments, restatements, replacements or other modifications of any of the foregoing documents) or otherwise in connection with the DIP Credit Agreement, the Collateral Documents or any of the Additional DIP Documents, to appoint such agents on behalf of the DIP Borrower as any such Authorized Officer may deem necessary or appropriate in connection with the foregoing resolutions or to comply with the requirements of the agreements, certificates, instruments and other writings approved by the foregoing resolutions, the authority for the taking or performing of such actions, acts or deeds and the execution, ratification, certification, delivery, filing or recording of such agreements, certificates, instruments or other writings to be conclusively evidenced thereby; and be it further

**RESOLVED**, that, to the extent the DIP Borrower serves as the sole member, managing member or other governing body (collectively, a "<u>Controlling Company</u>"), in each case, of any other company (a "<u>Controlled Company</u>"), each Authorized Officer, any one of whom may act without the joinder of any of the others, be, and each of them hereby is, severally authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to take all of the actions on behalf of such Controlled Company that an Authorized Officer is herein duly authorized to take on behalf of such

Controlling Company; and be it further

**RESOLVED FURTHER**, that the authority conferred upon each Authorized Officer by these resolutions written consent is in addition to, and shall in no way limit, such other authority as such Authorized Officer may have with respect to the subject matter of the foregoing resolutions, and that the omission from this resolution of any agreement or other arrangement contemplated by any of the agreements, instruments or documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments or documents described in the foregoing resolutions shall in no manner derogate from the authority of such Authorized Officer to take all actions necessary, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by and the intents and purposes of the foregoing resolutions.

<u>Exhibit II</u>
<u>to</u>
<u>Omnibus Written Consent</u>

DIP Guarantor Resolutions

*[See attached]*

## DIP GUARANTOR RESOLUTIONS

June 15, 2020

WHEREAS, 24 Hour Fitness Worldwide, Inc., a Delaware corporation (the "DIP Borrower") desires to enter into , deliver and perform its obligations under that certain Superpriority Senior Secured Debtor-In-Possession Credit Agreement, dated on or around the date hereof (as may be amended, restated, amended and restated, supplemented and/or otherwise modified from time to time, the "DIP Credit Agreement"), by and among the DIP Borrower, as borrower, 24 Hour Holdings II LLC, a Delaware limited liability company ("Holdings"), the subsidiaries of the Borrower as guarantors (the "DIP Guarantors" and together with the DIP Borrower and Holdings, each individually a "Company" and collectively the "Companies"), each lender from time to time party thereto (the "DIP Lenders"), and Wilmington Trust, N.A., as administrative agent and collateral agent for the DIP Lenders (the "DIP Agent"), pursuant to which a senior secured term loan facility denominated in Dollars will be made available to the DIP Borrower on the terms and conditions set forth in the DIP Credit Agreement;

WHEREAS, severally pursuant to (i) the entry by the applicable bankruptcy court of the Interim Order (and subsequently confirmed by the Final Order),(ii) the DIP Credit Agreement and (iii) the other Collateral Documents (as defined in the DIP Credit Agreement), the Companies shall grant the DIP Agent for the benefit of the DIP Lenders a legal, valid, continuing and enforceable security interest in the Collateral (with the priority fully described therein and in the DIP Credit Agreement), (such grant the "Security Grant") and (y) the DIP Guarantors shall guarantee the obligations of the DIP Borrower (under the DIP Credit Agreement), (such guarantee the "Guaranty of Obligations").

NOW, THEREFORE, be it:

DIP Credit Agreement    RESOLVED, that each DIP Guarantor is hereby authorized to execute and deliver the DIP Credit Agreement, the Collateral Documents, and any Additional DIP Guarantor Documents (as defined below) in its capacity as guarantor, and to perform its obligations and transactions contemplated thereby thereunder and under the Interim Order and the Final Order, including, without limitation, the granting of security interests (including, without limitation, the Security Grant), the granting of pledges, and the making of guarantees thereunder (including, without limitation, the Guaranty of Obligations), and to take such actions, as are necessary, appropriate or desirable in connection with the foregoing, and that any officer (including, without limitation, any chief executive officer, chief financial officer, treasurer, assistant treasurer, president, vice president secretary and assistant secretary) of such DIP Guarantor (each, an "Authorized Officer") be, and each of them hereby is, individually authorized, empowered and directed, in the name and on behalf of such DIP Guarantor, to execute and deliver the DIP Credit Agreement, the Collateral Documents and any Additional DIP Guarantor Documents and to perform such DIP Guarantor's obligations thereunder and under the Interim Order and the Final Order, including, without limitation, the granting of security interests (including, without limitation, the Security Grant) and the making of guarantees thereunder (including, without limitation, the Guaranty of Obligations), and to take such other actions as are necessary, appropriate or desirable in connection with the foregoing, with the DIP Credit Agreement, the Collateral Documents and any Additional DIP Guarantor Documents having such modifications as such Authorized Officer executing the same shall approve, his or her execution thereof being deemed conclusive evidence of such approval; and be it further

**RESOLVED**, that any Authorized Officer of each DIP Guarantor be, and each of them hereby is, individually authorized, empowered and directed, in the name and on behalf of such DIP Guarantor, to execute and deliver, attest to such execution and delivery of, in the name of and on behalf of the DIP Guarantor, all such other agreements (including, without limitation, any security agreements, guaranty agreements, mortgages, and control agreements), certificates, instruments and other writings (the "Additional DIP Guarantor Documents"), and to take all such other actions, as such Authorized Officer may deem necessary or appropriate in connection with the DIP Credit Agreement, the Collateral Documents, the Interim Order, the Final Order and any Additional DIP Guarantor Documents; and be it further

**RESOLVED**, that each DIP Guarantor is authorized to execute, deliver and perform such other agreements, amendments, ratifications and confirmations as the DIP Agent may require in connection with the DIP Credit Agreement, the Collateral Documents, and any Additional DIP Guarantor Documents to which such DIP Guarantor is or is contemplated to be a party and any other agreements, documents, certificates or filings that any Authorized Officer of such DIP Guarantor determines are necessary, appropriate or desirable in connection with the DIP Credit Agreement, the Collateral Documents, the Interim Order, the Final Order and the Additional DIP Guarantor Documents to which such DIP Guarantor is or is contemplated to be a party; and be it further

**RESOLVED**, that any Authorized Officer of each DIP Guarantor be, and each of them hereby is, individually authorized, empowered and directed, in the name and on behalf of such DIP Guarantor, to execute and deliver such additional assignments, stock powers, powers of attorney, notices, lien perfection documents, consents to assignment, subordination agreements, interest rate protection and other hedging agreements, letters of credit and master letter of credit agreements, cash management agreements, assignments, collateral assignments, fee letters and other customary loan documents, third party collateral access agreements, bailee letters, deposit account control agreements, securities account control agreements, insurance certificates, UCC financing statements, mortgages, deeds of trust, warehouse notifications, collateral assignments, and other customary secured loan documents and other agreements, certificates, instruments and other writings as the DIP Agent may request or as may be necessary or appropriate in the sole judgment of such Authorized Officer to create, preserve and perfect the security interests and other liens required or contemplated pursuant to, or otherwise to give effect to any of the transactions contemplated by, any of the Additional DIP Guarantor Documents; and be it further

**RESOLVED**, that any Authorized Officer of each DIP Guarantor be, and each of them hereby is, individually authorized, empowered and directed, in the name and on behalf of such DIP Guarantor, to execute and deliver all such other agreements, certificates, instruments and other writings, and to take all such other actions, as any such Authorized Officer may deem necessary or appropriate in connection with the transactions contemplated by these resolutions (and the DIP Credit Agreement, the Collateral Documents, the Interim Order and the Final Order); and be it further

**RESOLVED**, that each DIP Guarantor hereby authorizes, adopts and approves, in all respects the form, terms and provisions of the DIP Credit Agreement, the Collateral Documents, the Interim Order, the Final Order and any other Additional DIP Guarantor Documents (including without limitation, the Guaranty of Obligations provided therein) substantially in the form to be executed and delivered on or around March 21, 2018 and each DIP Guarantor's perfection thereunder; and be it further

Ratification

**RESOLVED**, that all actions, proceedings, elections, appointments, approvals, assignments, grants, transfers, agreements, acts, declarations, instruments, documents, executions and transactions, whether done, taken, executed or acted upon, or purported to be done, taken, executed or acted upon prior to the date hereof, by or on behalf of any DIP Guarantor in connection with the DIP Credit Agreement, the Collateral Documents,  or any Additional DIP Guarantor Documents, be, and the same hereby are, approved, adopted, ratified and confirmed in all respects; and be it further

General Authority

**RESOLVED**, that any Authorized Officer of each DIP Guarantor be, and each of them hereby is, individually authorized, empowered and directed, in the name and on behalf of such DIP Guarantor, to take such additional actions, to perform all acts and deeds, and to execute, ratify, certify, deliver, file and record such additional agreements, certificates, instruments and other writings as any of them may deem necessary or appropriate to implement the provisions of the foregoing resolutions (including, without limitation, amendments, restatements, replacements or other modifications of any of the foregoing documents) or otherwise in connection with the DIP Credit Agreement, the Collateral Documents, or any Additional DIP Guarantor Documents, to appoint such agents on behalf of such DIP Guarantor as any such Authorized Officer may deem necessary or appropriate in connection with the foregoing resolutions or to comply with the requirements of the agreements, certificates, instruments and other writings approved by the foregoing resolutions, the authority for the taking or performing of such actions, acts or deeds and the execution, ratification, certification, delivery, filing or recording of such agreements, certificates, instruments or other writings to be conclusively evidenced thereby; and be it further

**RESOLVED**, that, to the extent any DIP Guarantor serves as the board of directors, sole member, managing member or other governing body (collectively, a "Controlling Company"), in each case, of any other company (a "Controlled Company"), each Authorized Officer, any one of whom may act without the joinder of any of the others, be, and each of them hereby is, severally authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to take all of the actions on behalf of such Controlled Company that an Authorized Officer is herein duly authorized to take on behalf of such Controlling Company; and be it further

**RESOLVED FURTHER**, that the authority conferred upon each Authorized Officer by these resolutions written consent is in addition to, and shall in no way limit, such other authority as such Authorized Officer may have with respect to the subject matter of the foregoing resolutions, and that the omission

from this resolution of any agreement or other arrangement contemplated by any of the agreements, instruments or documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments or documents described in the foregoing resolutions shall in no manner derogate from the authority of such Authorized Officer to take all actions necessary, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by and the intents and purposes of the foregoing resolutions.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name:  24 New York LLC

United States Bankruptcy Court for the _____ District of Delaware
(State)

Case number (*If known*):        20-_____ ( )

☐ Check if this is an
amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders  12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1. Wells Fargo<br>Attn.:  Lindsey Widdis<br>150 East 42nd St 40th floor<br>New York, NY 10017 | Attn.:  Lindsey Widdis<br>Phone: 917-260-1546<br>Email: lindsey.widdis@wellsfargo.com | Unsecured notes | | | | $ 500,000,000 |
| 2. Kellermeyer Bergensons Services<br>Attn.:  Elva De La Torre<br>1575 Henthorne Drive<br>Maumee, OH 43537 | Attn.:  Elva De La Torre<br>Phone: 760-477-1406<br>Email: ar-ca@kbs-services.com | Trade payable | | | | $ 8,829,781 |
| 3. Veritas Media Group LLC<br>Attn.:  Jason Ballance<br>1111 Broadway 3rd floor<br>Oakland, CA 94607 | Attn.:  Jason Ballance<br>Phone: 510-867-4699<br>Email: jason@veritasmediagroup.com | Trade payable | | | | $ 6,291,723 |
| 4. Axiom Construction Company LLC<br>Attn.:  Brian Melton<br>1219 Wunsche Loop<br>Spring, TX 77373 | Attn.:  Brian Melton<br>Phone: 218-443-6327<br>Email: bmelton@axiomconstruction.com | Trade payable | | | | $ 4,210,514 |
| 5. Raymond Construction Inc.<br>Attn.:  Dawn Quin<br>4407 N. Beltwood Parkway # 106<br>Dallas, TX 75244 | Attn.:  Dawn Quin<br>Phone: 972-980-4404<br>Email: tdailey@raymondconstruction.com | Trade payable | | | | $ 2,756,804 |
| 6. DGC Capital Contracting<br>Attn.:  Maureen Mcfadden<br>506 South 9th Ave<br>Mount Vernon, NY 10550 | Attn.:  Maureen Mcfadden<br>Phone: 914-664-7244<br>Email: ccolumbia@dgccapital.com | Trade payable | | | | $ 2,641,504 |
| 7. Club Resource Group Inc.<br>Attn.:  Jennifer<br>1875 N. Macarthur Drive<br>Tracy, CA 95376 | Attn.:  Jennifer<br>Phone: 800-536-6858<br>Email: kkovenich@crg.us.com | Trade payable | | | | $ 2,559,035 |

WEIL:\97516788\1\78028.0003

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8. | AT Kearney Inc Attn.:  John Fiorentino 227 West Monroe Street Chicago, IL 60606 | Attn:  John Fiorentino Phone: 312-223-6895 Email: northamerica.finance@atkearney.com | Trade payable | | | | $ 2,523,777 |
| 9. | Muscle Foods USA Attn.:  Mike Banisch P.O. Box 791126 Baltimore, MD 21279-1126 | Attn.: Mike Banisch Phone: 570-543-4800 Email: mikeb@musclefoodsusa.com | Trade payable | | | | $ 2,431,967 |
| 10. | Epsilon Agency LLC Attn.:  Sekinat Fakoya 3787 Momentum Place Chicago, IL 60689-5337 | Attn: Sekinat Fakoya Phone: 404-596-5200 Email: chris.schulte@epsilon.com | Trade payable | | | | $ 2,222,781 |
| 11. | Cumming Construction Company Inc Attn.:  Adam Lopes 1483 East 3850 South St. George, UT 84790 | Attn.:  Adam Lopes Phone: 435-656-8433 Email: trevor@cciutah.com | Trade payable | | | | $ 2,191,607 |
| 12. | Staples Contract & Commercial LLC Attn.:  Steve Seignious PO Box 70242 Philadelphia, PA 19176-0242 | Attn.:  Steve Seignious Phone: 858-859-6732 Email: arremittance@staples.com; steve.seignious@staples.com | Trade payable | | | | $ 1,850,411 |
| 13. | Cal Select Builders, Inc. Attn.:  Gail Newton 23253 La Palma Ave Yorba Linda, CA 92887 | Attn.:  Gail Newton Phone: 714-694-0203 Email: gnewton@calselect.com | Trade payable | | | | $ 1,732,328 |
| 14. | SMA Architects PC Attn.:  Nacy Meier 115 W Main St Allen, TX 75013 | Attn:  Nacy Meier Phone: 972-359-8788 Email: nmeier@meierarchitects.com | Trade payable | | | | $ 1,496,711 |
| 15. | PCM Sales Inc Attn.:  Hillarie Rubin 4995 Murphy Canyon Rd., Ste. 300 San Diego, CA 92123 | Attn.:  Hillarie Rubin Phone: 949-472-8600 Email: cashpostingpcm.com | Trade payable | | | | $ 1,289,431 |
| 16. | Keono Attn.:  Erika Dobrotka 205 E. Butterfield Rd # 166 Elmhurst, IL 60126 | Attn.:  Erika Dobrotka Phone: 630-776-5152 Email: accounting@keono.com | Trade payable | | | | $ 1,176,143 |
| 17. | Precor Inc. Attn.:  Janine 20031 142nd Ave. NE Woodinville, WA 98072-4002 | Attn.:  Janine Phone: 1-800-347-4404 Email: runningprecor.com; maria.marynevych@precor.com | Trade payable | | | | $ 1,084,903 |
| 18. | Microsoft Corporation Attn.:  Taimah Vaber 6100 Neil Road Reno, NV 89511-1137 | Attn.:  Taimah Vaber Phone: 607-423-5774 Email: mscreditmicrosoft.com | Trade payable | | | | $ 934,689 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19. | 600 Broadway Partners LLC Attn: Alex Adjmi 1412 Broadway 3rd floor New York, NY 10018 | Attn.: Alex Adjmi Phone: 212-398-3970 x300 Email: alex@achsny.com | Trade payable | | | | $ 929,495 |
| 20. | 225 5th Avenue NY LLC Attn.: Legal Department 6922 Hollywood Boulevard, Suite 900 Bethesda, MD 20814 | Attn.: Legal Department Phone: 323-860-4900 Email: Tenaya Randolph (PM in NY) trandolph@cimgroup.com | Rent/lease obligation | | | | $ 915,792 |
| 21. | Colorado Pool Systems Attn.: Patrick Kitowski 2801 Youngfield Street Suite 260 Golden, CO 80401 | Attn.: Patrick Kitowski Phone: 303-420-7321 Email: linda@copools.com | Trade payable | | | | $ 861,768 |
| 22. | Radius Global Solutions LLC Attn.: Erica Doshi 7831 Glenroy Rd Edina, MN 55439 | Attn.: Erica Doshi Phone: 876979879 Email: accounts.receivable@radiusgs.com | Trade payable | | | | $ 848,149 |
| 23. | Wiedenbach-Brown Co., Inc. Attn.: Scott King 22901 La Palma Avenue Yorba Linda, CA 92887 | Attn.: Scott King Phone: 714-692-2200 Email: ar@wblight.com | Trade payable | | | | $ 829,648 |
| 24. | Piranha Industries Attn.: Gail Spencer 2801 Youngfield St Suite 260 Golden, CO 80401 | Attn.: Gail Spencer Phone: 303-420-7321 Email: gspencer@piranhaind.com | Trade payable | | | | $ 821,832 |
| 25. | Palomar Fitness Partner LP c/o Pacific Development Partners Attn.: Janet Tanasugarn 11601 Wilshire Blvd. Suite 2110 Los Angeles, CA 90025 | Attn.: Janet Tanasugarn Phone: 949-833-8334 ext 27 Email: jtanasugarn@tiarna.com | Rent/lease obligation | | | | $ 802,270 |
| 26. | 1680 Kapiolani LLC Attn.: John Stokke, Property Manager 3810 Katella Avenue Los Alamitos, CA 94583 | Attn.: John Stokke, Property Manager Phone: 562-594-0324 Email: jstokkecrms@gmail.com | Rent/lease obligation | | | | $ 801,229 |
| 27. | Annapolis Towne Center at Parole LLC c/o PGIM Real Estate Attn.: Michael Harrington 7 Giralda Farms Madison, NJ 07940 | Attn.: Michael Harrington Phone: 410-559-2516 Email: michael.harrington@pgim.com Anthony Henry Trademark Property GM (onsite), 410-881-4613 | Rent/lease obligation | | | | $ 789,742 |
| 28. | BP-CGCenter I LLC Attn.: Robert Selsam 599 Lexington Avenue Suite 1800 New York, NY 10022 | Attn.: Robert Selsam Phone: Email: acameron@bostonproperties.com | Rent/lease obligation | | | | $ 777,688 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29. Hoist Fitness Systems<br>Attn.:  Jason Evenskaas<br>11900 Community Road<br>Poway, CA 92064 | Attn.:  Jason Evenskaas<br>Phone: 18005485438<br>Email: jmcdonald@hoistfitness.com | Trade payable | | | | $ 749,820 |
| 30. Costco Wholesale<br>Attn: Stacy Wells<br>P.O. Box 34331<br>Seattle, WA 98124 | Attn: Stacy Wells<br>Phone: (425) 313-2854<br>Email: swells@costco.com | Trade payable | Contingent<br>Unliquidated<br>Disputed | | | TBD |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
------------------------------------------------------------ x
                                                             :
In re                                                        :      Chapter 11
                                                             :
24 NEW YORK LLC,                                             :      Case No. 20– _____
                                                             :
              Debtor.                                        :
                                                             :
------------------------------------------------------------ x
```

## CERTIFICATION OF CREDITOR MATRIX

       Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above-captioned debtor and its affiliated debtors in possession (collectively, the "**Debtors**") hereby certify that the Consolidated List of Creditors submitted contemporaneously herewith (the "**Creditor Matrix**") contains the names and addresses of the Debtors' creditors.  To the best of the Debtors' knowledge, the *Creditor Matrix* is complete, correct, and consistent with Debtors' books and records.

       The information contained herein is based upon a review of the Debtors' books and records as of the petition date.  However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the Creditor Matrix have been completed.  Therefore, the listing does not, and should not, be deemed to constitute:  (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
In re                                          :
                                               :          Chapter 11
                                               :
24 NEW YORK LLC,                               :          Case No. 20– _____ (      )
                                               :
                  Debtor.                      :
                                               :
------------------------------------------------------------ x
```

### CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, attached hereto as **Exhibit A** is an organizational chart reflecting all of the ownership interests in 24 Hour Fitness Worldwide, Inc., a Delaware corporation ("**24H Fitness Worldwide**"), and its affiliated debtors (the "**Affiliated Debtors**"), as proposed debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"). 24H Fitness Worldwide, on behalf of itself and the Affiliated Debtors, respectfully represents as follows:

1. The following entities own equity interests in 24 Hour Holdings II LLC ("**Holdings II**") indirectly through its sole member owning 100% of the interests in Holdings II, 24 Hour Holdings I Corp., a non-debtor Delaware corporation, in the following amounts: (i) AEA[1] (42.7%), (ii) Fitness Capital Partners LP (31.2%), and (iii) 2411967 Ontario Limited (22.8%). To the best of the Debtors' knowledge and belief, no other person or entity owns, either directly or indirectly, 10% or more of the

---

[1] "**AEA**," as used herein, includes interests managed by AEA Investors Fund V LP, AEA Investors Fund V-A LP, AEA Investors Fund V-B LP, AEA Investors Fund V QP Participant Fund LP, and AEA Investors Fund V Participant Fund LP.

common stock of Holdings II.

2. Holdings II owns 100% of the equity interests of 24 Hour Fitness Worldwide.

3. 24H Fitness Worldwide owns 100% of the equity interests of 24 Hour Fitness United States, Inc., a Delaware corporation ("**24H US**").

4. 24H US owns 100% of the equity interests of 24 Hour Fitness USA, Inc., a California corporation ("**24H USA**").

5. 24H USA owns 100% of the equity interests of:

   a. 24 Hour Fitness Holdings LLC, a Delaware limited liability company ("**24H Fitness Holdings**"); and

   b. RS FIT Holdings LLC, a Delaware limited liability company ("**RS FIT Holdings**").

6. 24H Fitness Holdings owns 100% of the equity interests of:

   a. 24 San Francisco LLC, a Delaware limited liability company;

   b. 24 New York LLC, a Delaware limited liability company; and

   c. 24 Denver LLC, a Delaware limited liability company.

7. RS FIT Holdings owns 100% of the equity interests of:

   a. RS FIT CA LLC, a Delaware limited liability company; and

   b. RS FIT NW LLC, a Delaware limited liability company.

WEIL:\97492076\6\78028.0003

## **Exhibit A**

### **Organizational Chart**

| Prepetition Credit Facility | Maturity |
|---|---|
| Revolving Credit Facility | May 2023* |
| Term Loan Facility | May 2025* |

| Unsecured Notes | Maturity |
|---|---|
| Senior Notes due 2022 | June 2022 |

*   The Prepetition Credit Agreement contains a springing maturity covenant that will accelerate the maturity of both the Revolving Credit Facility and the Term Loan Facility to March 2, 2022 if, on that date, (i) $100 million of Senior Notes remain outstanding and (ii) the Senior Notes have not been refinanced with indebtedness permitted under the Prepetition Credit Agreement with a maturity date at least 91 days after May 31, 2025.

**Legend**

Each entity shaded in a <u>solid color</u> is a <u>borrower</u> or <u>issuer</u> under the corresponding facility at the top of this page.

Each entity featuring a [G] shaded in a particular color is a <u>guarantor</u> under the corresponding facility at the top of this page.

Each entity outlined in red is a Debtor in the chapter 11 cases.





**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
----------------------------------------------------------- x
In re                                     :
                                          :     Chapter 11
                                          :
24 NEW YORK LLC,                          :     Case No. 20– _____ (      )
                                          :
                        Debtor.           :
                                          :
----------------------------------------------------------- x
```

## LIST OF EQUITY SECURITY HOLDERS[1]

        Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the

following identifies all holders having a direct ownership interest, of the above- captioned debtor

in possession (the "**Debtor**").

Check applicable box:

☐  There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the debtor's equity interest.

☒  The following are the debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Holder | Address of Holder | Kind/Class of Interest | Percentage Interest |
|--------|-------------------|------------------------|---------------------|
| 24 Hour Fitness Holdings LLC | 12647 Alcosta Blvd, Suite 500, San Ramon, CA 94583 | Common Stock | 100% |

---

[1] This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the Debtor's chapter 11 case.

Fill in this information to identify the case:

Debtor name: 24 New York LLC

United States Bankruptcy Court for the _____ District of Delaware
                                                          (State)

Case number (*If known*):    20-_____ (  )

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct to the best of my information and belief:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule ____
- ☑ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☑ Other document that requires a declaration Consolidated Corporate Ownership Statement, List of Equity Holders and Creditor Matrix Verification

I declare under penalty of perjury that the foregoing is true and correct to my knowledge, information, and belief.

Executed on 06 / 15 / 2020          X _Daniel Hugo Berg_ (signature)
                MM / DD /YYYY              Signature of individual signing on behalf of debtor

                                          Daniel Hugo
                                          Printed name

                                          Chief Restructuring Officer
                                          Position or relationship to debtor